OPINION
{¶ 1} Plaintiff Brandilyn Proper, individually and as administratrix of the estate of Sabrina Raber, deceased and Ervin Raber, as father and next friend of Cody Raber, a minor, appeal a judgment of the Court of Common Pleas of Holmes County, Ohio, entered in favor of defendant Motorists Mutual Insurance Company, which dismissed all their claims against the insurance company with prejudice. Appellants assign a single error to the trial court:
 {¶ 2} "I. The trial court erred to the prejudice of the Plaintiffs-Appellants, Brandilyn Proper, etc., et al., by entering summary judgment in favor of the Defendant-Appellee, Motorists Mutual Insurance Company."
 {¶ 3} Appellant's statement pursuant to Loc. App. R. 9 asserts the summary judgment was inappropriate as a matter of law on the undisputed facts.
 {¶ 4} This case arose out of a single vehicle collision on August 25, 2002. Sabrina Raber was riding as a passenger on a motorcycle being operated by her ex-husband Ervin Raber. Sabrina Raber died in the collision. Sabrina was survived by her son, Cody, who was a resident of his mother's household at the time of the collision. Sabrina Raber was also survived by her daughter, Brandilyn Proper, who was not a resident of her mother's household on the date of the accident.
 {¶ 5} Ervin Raber was insured under an automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company with liability limits of $100,000 per person, $300,000 per accident. State Farm tendered its policy limit of $100,000 to settle all claims against its insured. Appellants then asserted underinsured motorists claims against other insurance companies, including Motorist Mutual.
 {¶ 6} At the time of her death, Sabrina Raber was employed by Snyder Brothers Sales Service, Inc. Appellee Motorist Mutual insured Snyder Brothers with commercial general liability coverage and uninsured/underinsured motorist coverage in the amount of $1,000,000 per accident. Appellants have not alleged Sabrina Raber was working within the course and scope of her employment with Snyder Brothers at the time of the accident.
 {¶ 7} The sole issue in this case is whether Sabrina Raber qualifies as an insured under the Motorist Mutual policy.
 {¶ 8} In Westfield Insurance v. Galatis,100 Ohio St. 3d 216, 2003-Ohio-5849, the Ohio Supreme Court held absent specific language to the contrary, a policy of insurance which names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of the employment. If the policy of insurance designates a corporation as a named insured, the designation of family members of the named insureds as other insureds does not extend insurance coverage to the family member of an employee of the corporation unless the employee is included as a named insured.
 {¶ 9} Thus, the language of the Motorist Mutual policy controls. The Ohio Uninsured Motorist coverage form in the policy provides the definition of who was an insured. It states:
 {¶ 10} If the name of the insured is designated in the declarations as:
 {¶ 11} A. an individual, then the following are "insureds":
 {¶ 12} (1) The named insured and any "family members".
 {¶ 13} (2) The named insured employees while occupying a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} (3) Any person who was not a named insured or an insured family member for uninsured motorist coverage under another policy, "occupying it" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss, or destruction.
 {¶ 15} B. A partnership, limited liability, corporation, or any other form of organization, then the following are "insureds":
 {¶ 16} (1) The named insured employee, partners (if the named insured is a partnership) or members (the named insured is a limited liability company) while occupying a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 17} (2) Any person, who is not a named insured or an insured family member for insured motorist coverage under another policy, "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction."
 {¶ 18} The policy specifically excludes coverage to any person occupying or using an auto which is not a covered auto, while used outside the scope of the named insured's business, unless the person is a named insured or a family member. The policy excludes coverage for bodily injury sustained by an insured when occupying or struck by a vehicle which is owned by any insured, but not a covered auto.
 {¶ 19} Appellants seek to expand the foregoing coverage by citing us to the garage coverage form for auto dealers. The garage coverage defines covered autos as any auto and designates as named insureds all employees. Appellants argue nowhere in the policy does it expressly and unambiguously exclude these persons from the category of named insureds under the UM/UIM coverage.
 {¶ 20} We find this is too broad a reading of the policy. The garage coverage form specifically states it covers all sums and insured legally must pay as damages because of bodily injury or property damage caused by an accident and resulting from garage operations involving the ownership, maintenance or use of the covered autos. We find because the language appellants cite only refers to the garage operations coverage, it cannot be extended to the uninsured/underinsured coverage.
 {¶ 21} In Galatis, supra, the Supreme Court held unless there is specific language to the contrary, a policy of insurance which names the corporation as an insured covers losses sustained by its employees only if the loss occurs within the course and scope of the employment. We find there is no specific language extending coverage to employees outside the scope of their employment, and we find appellants' argument simply too attenuated to provide coverage in light of the Supreme Court directives on how to construe the language in insurance contracts.
 {¶ 22} We find the policy does not provide coverage under the facts and circumstances of this case, because decedent was occupying a motorcycle, which was not a covered auto, and because she was not in the course and scope of her employment at the time of her fatal injury.
 {¶ 23} The assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
Gwin, J., and Boggins, P.J., concur Hoffman, J., dissents.